## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHONDA LEONA BROWN FLEMING | : | |
| 14363 Redwood Valley Rd. | : | |
| Corona, CA 92880 | : | |
| (Cherokee Registration Number | : | CASE NO. _____ |
| C0403295) | : | Related to Case No. 1:18-cv-2041 |
| Individually and as a putative class | : | |
| representative | : | |
| | : | JUDGE _____ |
| and | : | |
| | : | |
| THE HARVEST INSTITUTE | : | CLASS ACTIONS |
| FREEDMAN FEDERATION, LLC | : | ALLEGATIONS |
| c/o 11124 Post House Court | : | |
| Potomac, MD 20854 | : | |
| | : | |
| PLAINTIFFS, | : | |
| | : | |
| VS. | : | |
| | : | |
| THE CHEROKEE NATION | : | |
| 17763 S. Muskogee Avenue | : | |
| Tahlequah, OK 74464 | : | |
| | : | |
| and | : | |
| | : | |
| CHEROKEE NATION ELECTION | : | |
| COMMISSION | : | |
| 17763 S. Muskogee Avenue | : | |
| Tahlequah, OK 74464 | : | |
| | : | |
| and | : | |
| | : | |
| THE HONORABLE PRINCIPAL | : | |
| CHIEF BILL JOHN BAKER | : | |
| The Cherokee Nation | : | |
| 17763 S. Muskogee Avenue | : | |
| Tahlequah, OK 74464 | : | |
| | : | |
| and | : | |
| | : | |
| THE HONORABLE DAVID | : | |
| BERNHARDT | : | |
| Secretary of the Interior | : | |
| 1849 C Street, N.W. | : | |
| Washington, D.C. 20240 | : | |

and                                         :
                                            :
TARA MACLEAN SWEENEY                        :
Assistant Secretary – Indian Affairs        :
1849 C. Street, N.W.                         :
Washington, D.C. 20240                       :
                                            :
                    DEFENDANTS.             :

## COMPLAINT FOR IMMEDIATE, PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs, by their undersigned attorney for their Class Action Complaint, allege upon personal knowledge as to themselves and their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery as follows:

## I.      NATURE OF THE ACTION

1.      Plaintiff, Rhonda Leona Brown Fleming, brings this action as a Class Action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who are descendants of persons listed on the Index and Final Rolls of Citizens and Freedmen of the Cherokee Tribe in Indian Territory approved by Act of Congress dated June 21, 1906 (34 Stat.35), hereinafter the "Dawes Rolls" and as a member of the Cherokee Nation, determined in Case No. 13-01313 (TFH) The Cherokee Nation v. Raymond Nash, et al., United States District Court for the District of Columbia under Article 9 of The Treaty with the Cherokee, 1866, U.S. – Cherokee Nation if Indians, Art. 9, July 19, 1866 14 Stat.799 to be guaranteed a continuing right to Cherokee Nation citizenship that is coextensive with the rights of native or so-called Blood Cherokees.

2.      Notwithstanding the determination that Plaintiff and the putative class have rights of citizenship in the Cherokee Nation coextensive, with Blood Cherokees, the Cherokee

Constitution provides in Section 2 Article VII that to be eligible for election as Principal Chief, a candidate must be a so-called blood Cherokee and domiciled within the boundaries of the Cherokee nation 270 days prior to the relevant election, or by September 6,2018, in the case of the next Cherokee Nation election, June 1, 2019.

3.      Section 2 of Article VII of the Cherokee Constitution is unlawful, for the reason it violates Article 9 of the 1866 Treaty as recently declared by Judge Hogan in Case No. 13-01313. The Cherokee Nation v. Raymond Nash, et al..

4.      This is an action for an immediate order that permits non-resident Cherokee Freedmen, such as Ms. Fleming, who timely filed for election to appear on the June 1, 2019 ballot or that suspends the June 1, 2019 election in order to provide Freedmen candidates an opportunity to relocate.

## II.      JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, and §1362, 5 U.S.C. §701, et seq., the Administrative Procedures Act, 28 U.S.C. §1491, The Thirteenth Amendment, The Fourteenth Amendment, The Fifteenth Amendment, 42 U.S.C. 1988  and the Treaty of July 19,1866 Pub. L. No. 91-495, 84 Stat. 1091 ("Act of 1970"), Equitable relief is sought under 28 U.S. §1343.

6.      This Court has personal jurisdiction over Principal Chief Baker pursuant to D.C. Code §13-423, in that he transacted and continues to transact business in the District of Columbia and has caused tortious injury in the District of Columbia by failing to revise the Cherokee Constitution to comport with federal law  and/or has caused tortious injury in the District of Columbia by an act or omission outside the District of Columbia while regularly doing and/or soliciting business in the District of Columbia. Personal jurisdiction over Federal Defendants is proper because Federal Defendants reside in, and can be served in, this District

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(e), as Defendants Bernhardt and Sweeney are located in the District of Columbia , Defendant DOI is located in this District and the Cherokee Defendants have caused tortious injury in this district.

8.      The Federal Defendants have waived their sovereign immunity to the claims herein by virtue of  (without limitation) the APA and the United States' fiduciary and trustee obligations towards the Cherokee Nation and its citizens. Defendant Bernhardt , in turn, has acted beyond his statutory authority by allowing his subordinate officers to violate the laws and the Constitution of the United States, as alleged herein, and thus has no sovereign immunity under the doctrines established by Ex parte Young, 209 U.S. 123 (1908), Larsen v. Domestic and Foreign Commerce Corp., 337 U.S. 682 (1949), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

9.      Defendant Baker has acted beyond the scope of his authority by violating or allowing his subordinate officers to violate the laws of the United States, in particular the Treaty of 1866 and the Thirteenth Amendment to the United States Constitution, as alleged herein, and thus has no sovereign immunity under the doctrines established by Ex parte Young, 209 U.S. 123 and Fletcher v. United States, 116 F.3d 1315 (10th Cir. 1997).

### III.    PARTIES

10.      Plaintiff, Rhonda Leona Brown Fleming, is a member of the Cherokee Nation and candidate for the office of Principal Chief. On February 21, 2019 the Cherokee Nation Election Commission disqualified Ms. Fleming as a candidate for the office of Principal Chief due to her failure to meet the 270 residency requirement. This decision was affirmed by the Cherokee Supreme Court in Cherokee Supreme Court Decision NO. SC-2019-02. Ms. Fleming  is a representative of the putative class of Freedmen descendants who are entitled to fully exercise all

rights of Cherokee citizenship who are aggrieved by the Cherokee Constitutional provisions discussed herein.

11.     Plaintiff, Harvest Institute Freedman Federation, LLC is an Ohio limited liability company formed for the specific purpose of seeking redress through the courts to compel the United States and Cherokee Nation to perform obligations owed under federal law to Freedmen. The Institute has conducted research, provided financing and required legal resources, including counsel, to advocate on behalf of Freedmen.  The Institute's membership is comprised of persons with African and Native American ancestry, each of whom has standing to sue their own right. The interests which the Institute seeks to protect are germane to its purpose and do not require the participation of individual Freedmen.

12.     Defendant Bernhardt is the United States Secretary of the Interior.  The Department of the Interior is the federal agency with oversight of the Bureau of Indian Affairs and has the statutory duty to enforce, administer and assure compliance by the Cherokee Nation with the terms and obligations of federal law.  Defendant is sued in his official capacity only.

13.     Defendant Sweeny is the Assistant Secretary with jurisdiction over the Bureau of Indian Affairs (BIA) which has responsibility for the administration and management of the relationship between the United States and the Indian tribes and Alaska Natives and to implement the terms of federal law.  Defendant is sued in her official capacity only.

14.     Defendant DOI is and at all relevant times was an agency of the United States government. The DOI includes, among various agencies, the BIA and is responsible for the operations of the BIA who oversees compliance by the Indian tribes with federal law.

15.     Bill John Baker is the Principal Chief of the Cherokee Nation and the principal government official responsible for the enforcement of the Cherokee Nation Constitution and protection of all citizens of the Cherokee Nation. Article 6, Section 10 of the Cherokee Nation

Constitution provides that "[t]he Principal Chief shall cause the laws of the Cherokee Nation to be faithfully executed, and shall conduct in persons and in such manner as prescribed by law, all communications and business of the Cherokee nation."

## IV.   CLASS ACTION ALLEGATIONS

16.   Plaintiff brings this action as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who are or were descendants of Freedmen members of the Cherokee Nation.

17.   During the Civil War the Five Civilized Tribes, the Seminole, Cherokee, Choctaw, Creek and Chickasaw, entered into treaties with the Confederacy, severing their relations with the United States. As a result of these acts of disloyalty, the Five Civilized Tribes forfeited all tribal lands and their status as government wards. In 1866, the United States made treaties with each of the Five Civilized Tribes, setting the terms on which the tribes would continue to exist within the United States and regain their land and trust beneficiary status. All of the treaties with the Five Civilized Tribes eradicated slavery within the tribes and provided that the emancipated "Freedmen" would have equal rights within the tribes. Although these Treaties had a common purpose, the provisions of the

various Treaties were not identical. However, under the treaties the Freedmen were emancipated and given civic status equal to Indians whether the Freedmen were adopted into the Tribes or not.

18.   The Class consists of thousands of persons located throughout the United States, thus, the members of the Class are so numerous that joinder of all Class members in impracticable.  The exact number of Class members is not presently known to plaintiffs, but can readily be determined by appropriate discovery.

6

19.     Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class actions. Plaintiffs have no interests that are adverse or antagonistic to those of the Class.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

21.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a)      Is Section 2 Article VII of the Cherokee Constitution lawful;

b)      May Freedmen seek election as Principal Chief of the Cherokee Nation; and

c)      Must candidates for Principal Chief reside within the boundaries of the Cherokee Nation 270 days prior to the June 1,2018 election;

d)      Is the Cherokee Nation required  to register all eligible Freedmen before conducting the 2019 election.

### V.      WAIVER OF SOVEREIGN IMMUNITY

22.     Plaintiffs bring their lawsuit against federal and tribal officials. Plaintiffs hereby assert a clear waiver of sovereign immunity that covers the substantive claims and remedies that they seek. The APA waives Defendants' sovereign immunity for all of Plaintiffs' claims. Section 702 states:

> An action in a court of the Untied States seeking relief other than money damages' and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall

not be dismissed nor relief therein be denied on the ground that it is against the United States.

### FACTS COMMON TO ALL COUNTS

23.    Following the Civil War, the Cherokee Nation reestablished its relationship with United States through the Treaty of 1866, which provides that the Cherokee Nation hereby covenants and agrees that never hereafter shall either slavery or involuntary servitude exist in the Cherokee Nation and that all freedmen who have been liberated…as well as all free colored persons…and their descendants, shall have all the rights of native Cherokees.  Art. 9 1866 Treaty. The Treaty of 1866 also gives the Freedmen the right to elect officials and to representation according to numbers on the national counsel, and the right to sue in federal court. The  Treaty provides that no law shall be enacted inconsistent with the Constitution of the United States, or laws of Congress, or existing treaty stipulations with the United States .The provisions of Article VII being challenged here violate the Treaty of 1866.

24.    For may years following enactment of the 1866 Treaty the Cherokee Nation and various Cherokee Nation officials, with the tacit, and at times active, participation of U.S. Government officials pursued various schemes to dilute Cherokee Freedmen voting power and associated rights of citizenship on grounds that the Cherokee Nation possessed the right to determine citizenship rights contrary to the mandate of the 1866 Treaty.

25.    In 2018 Senior Judge Hogan determined that the citizenship and voting rights of Cherokee Freedmen are coextensive with those of blood Cherokees.

26.    The Cherokee Defendants have not revised or otherwise amended the Cherokee Constitutional provisions that limits eligibility for election as principal chief to blood Cherokees.

27.    The federal Defendants have failed to exercise appropriate oversight of Cherokee elections to assure that the decision of Judge Hogan concerning Cherokee Freedman citizenship rights have been fully vindicated.

8

28.      Plaintiffs have exhausted administrative remedies.  Ms. Fleming timely filed to be a candidate.  Defendant Cherokee Nation accepted her $2500.00 filing fee with knowledge that she did not meet the 270 residency requirement. The Cherokee Election Commission rejected her candidacy. The Cherokee Supreme Court denied her appeal. The Cherokee Nation has refused to grant a retrospective waiver of the residency requirement, as evidenced by these actions denying the eligibility of Ms. Fleming.

29.      Plaintiff faces imminent risk of irreparable harm and has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Violation of United States Constitution)

30.      Plaintiffs repeat and realleges the allegations contained in paragraphs 1 through 31 as though set forth fully herein.

31.      The Defendants have the  duty to vindicate and  protect the voting rights of the Freedmen so that as citizens they can participate in the fundamental rights to run for  elective office, elect their leaders and determine whether their Constitution should be amended to remove all discriminatory limitations of voting rights to blood Cherokees . Plaintiffs' rights have been infringed upon  on the basis of their race. The defendants actions have the result that the Cherokee Nation will be ruled by officials who exercised unlawful means ,racial discrimination , to retain electoral control of the Cherokee Nation. By reason of the foregoing, a ripe and justiciable controversy exists, and Plaintiffs have standing to assert their rights.

32.      As a result of the foregoing, Plaintiffs are entitled to a declaratory and injunctive relief to preserve their rights as members of the Cherokee Nation by requiring defendants to suspend or otherwise not enforce the restriction on eligibility to serve as principal chief to blood Cherokees and to permit Ms. Fleming to be a candidate.

## SECOND CAUSE OF ACTION

### (Judicial Review of Agency Action)

33.     Plaintiffs repeat and realleges the allegations contained in paragraphs 1 through 32 as though set forth fully herein.

34.      The federal Defendants are responsible for protecting the voting and electoral interests of the Cherokee Nation, including the interests of the Freedmen.

35.     By failing to require nondiscriminatory election procedures to be enacted prior to the 270 day deadline for Principal Chief election , Defendants have breached their fiduciary duty.

36.     The federal defendants have discriminated against the Cherokee Freedmen to their injury and prejudice.

37.     Plaintiffs request a declaration, pursuant to 28 U.S.C. §2201, that under to 5 U.S.C. §701 *et seq*., that the failure to act of the federal Defendants is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)

38.     Plaintiffs repeat and realleges the allegations contained in paragraphs 1 through 37 as though set forth fully herein.

39.     Plaintiffs request a declaration that the rejection of Ms. Fleming's candidacy for election as Principal Chief is a violation of the Court's 2018 Order that Freedmen have all rights of Native Cherokees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment granting declaratory and injunctive relief as follows:

1.      An immediate order that permits non-resident Cherokee Freedmen, such as Ms. Fleming, who timely filed for election to appear on the June 1, 2019 ballot or the June 1, 2019 election should be delayed in order to provide Freedmen candidates an opportunity to relocate;

2.      A preliminary and permanent injunction barring enforcement of Section 2 Article VII of the Cherokee Constitution in its entirety;

3.      An order enjoining Defendants from conducting the June 1,2019 election until all eligible Freedmen have been registered and unlawful election provisions removed from the Cherokee Constitution;

4.      A declaration stating that there is no requirement for the Cherokee Principal Chief to be a blood Cherokee;

5.      A order granting  Plaintiffs their reasonable attorneys fees, interest  and such other relief as the Court deems just.

<div style="margin-left:40%">

Respectfully Submitted,

*s/Percy Squire, Esq.*
Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
341 S. Third St., Suite 10
Columbus, Ohio 43215
(614) 224-6528 T
(614) 224-6529 F
psquire@sp-lawfirm.com
Attorney for Plaintiffs

</div>